## WILLIAM HAYES *v.* THE STATE.

CRIMINAL LAW. *Attempt to commit larceny.* Under section 5379, new Code, an indictment for attempt to commit a larceny is good, and the same particularity in the description of the property attempted to be stolen is not required as in an indictment for larceny.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county. A. H. DOUGLASS, J.

S. D. WEAKLEY, JR., for Hayes.

ATTORNEY-GENERAL LEA for the State.

WILSON, Sp. J., delivered the opinion of the court.

On April 24, 1885, the grand jury of Shelby county returned an indictment against William Hayes. It is charged therein, that he, "on the 20th day of April, 1885, in the county aforesaid, feloniously did attempt to steal, take and carry away from the person of Kennedy Jones, fifty dollars of good and lawful money of the United States, then and there being the property of the said Kennedy Jones, against the peace and dignity of the State." Upon his arraignment, the defendant moved to quash the indictment, and his motion was overruled. He was convicted by the jury and sentenced to the penitentiary of the State for one year. Failing in his motion for a new trial and in error of judgment, he has appealed to this court.

The errors relied on, are: First, that the verdict is not supported by the evidence. Second, for error on the part of the court in refusing to charge the jury as requested. Third, for refusing to quash the indictment and arresting the judgment. Without going into details as to the evidence, it is sufficient to say, that there is no preponderance against the verdict. The weight of evidence is in its favor. The error assigned to the charge of the trial judge, was his refusal to instruct the jury that the offense charged in the indictment was a misdemeanor only, and not a felony.

The section of the Code on which the indictment is founded (sec. 4630, M. & V., Revised), provides that: "If any person assault another with intent to

commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, when the punishment is not otherwise prescribed, he shall, on conviction," etc. In *Jones* v. *State,* manuscript opinion, delivered at the December term, 1871, of this court, it was held that this section was intended to include only assaults upon the person, and not an attempt to commit a larceny.

This case was referred to approvingly by Judge Nicholson, in the civil case of *Marks* v. *Borum,* decided at the December term, 1873, and reported in 1 Baxt., 53. It was again referred to and accepted as a correct exposition of the statute, in the case of *The State* v. *Montgomery,* decided at this place at the April term, 1874, Judge Sneed delivering the opinion of the court. The case was also referred to in the case of *Nicholson* v. *State,* 9 Baxt., 258, decided at this place at the April term, 1878, Judge Freeman delivering the opinion. In this case, the party having been indicted for an attempt to commit a larceny, the court, referring to *State* v. *Jones,* says: "If we adhere to that holding, the party cannot be held liable under this section, nor be convicted of a felony."

In the case of *DeLacy* v. *State,* 8 Baxt., 401, decided by Judge McFarland, at Knoxville, at the September term, 1875, it was held that a conviction for an attempt to commit a larceny, under an indictment for larceny, was proper, and the prisoner in that case was sent to the penitentiary for three years.

The *DeLacy* case was referred to approvingly in the case of *Hall* v. *State,* decided at Knoxville, at the

September term, 1881, reported in ·7 Lea, 685, Justice Cooper delivering the opinion.

It would seem to be difficult, without indulging in needless refinements, to reconcile the principle of the *DeLacy* case with the holding in the case of *Jones* v. *State*, manuscript opinion, referred to. They cannot, on sound principle, stand together.

The reasoning and position of the court in the *DeLacy* case is more in consonance with a sound exposition of the statute, and the end intended to be subserved by the Legislature in its enactment. We, therefore, overrule the case of *Jones* v. *State* (manuscript opinion), and hold that the court was not in error in refusing to charge as requested by the prisoner—that he could only be convicted of a misdemeanor under the indictment.

The third and last objection of the prisoner is, that the court erred in not quashing the indictment upon his original motion, and in not arresting the judgment of the verdict, because of the insufficiency and uncertainty of its allegations and description of the property alleged as the subject of the attempted larceny.

The objection raises the point that the money, charged to have been the subject-matter of the attempted larceny, should have been described with the same particularity as would have been required in an indictment for its actual larceny. We do not think so. The felonious theft of specified property is the thing charged in the indictment for larceny, and necessary to constitute the offense. It is the attempt to commit a larceny, not *the* actual larceny of any particular goods

or property, that constitutes the offense defined by the statute in review. And so it has been held in a " class of cases," also quite numerous in this country, viz: assaults, or attempts to commit offenses in themselves indictable, the same particularity is not necessary as is required in indictments for the commission of the offenses themselves: *State* v. *Montgomery*, 7 Baxt., 160; Wharton, sec. 292.

If the indictment on its face show facts which make "an attempt," in point of law, and so identifies the offense as to secure the offender from a second prosecution for it, it is sufficient: 7 Baxt., cited; *People* v. *Bush*, 4 Hill N. Y. Rep., 132; Whart. Am. Crim. Law, sec. 2968.

This is done in this case. The judgment of the court below must be affirmed.