STATE OF TENNESSEE ex rel. CHARLES BYRD,
Plaintiff in Error,

*v.*

LYNN BOMAR, Warden, Tennessee State Penitentiary,
Defendant in Error.

381 S.W.2d 280.

(*Nashville,* December Term, 1963.)

Opinion filed July 15, 1964.

CHARLES BYRD, pro se.

GEORGE F. McCANLESS, Attorney General, and WALKER T. TIPTON, Assistant Attorney General, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The plaintiff in error, who is confined in the State Penitentiary, pursuant to a judgment rendered in the Criminal Court of Davidson County, filed a petition for writ of habeas corpus in the Criminal Court of Davidson County, seeking his release from the State Penitentiary. The petition for habeas corpus alleges that on the 19th day of January, 1962 plaintiff in error was tried and convicted of the offense of burglary in the 3rd degree and of the offense of an attempt to commit larceny. He was sentenced to serve a term of three years. This petition further states:

"In this case the petitioner was not confronted with all the witnesses against him, which were named on the face of the indictment to be summoned for the

State, and this is a violation of petitioner's rights, which rights are provided for under Article VI of the Amendments to the United States Constitution.''

The petition for habeas corpus further avers:

''The indictment charges burglary 3rd degree and attempt at larceny, but does not specify whether the larceny charge was that of Grand or petit, larceny. Any evidence shown to the Grand Jury which would show that petitioner was attempting to commit larceny would have been equally sufficient to show whether he was attempting to commit Grand, or petit larceny.''

The Trial Judge dismissed the petition for writ of habeas corpus without a hearing and the case has been duly appealed to this Court.

The essence of the petition for habeas corpus is that the judgment in the criminal case against plaintiff in error is void because:

1. The State did not introduce at the trial, as witnesses, all of the persons listed upon the indictment to be summoned.

2. That part of the indictment charging plaintiff in error with an attempt to commit larceny did not specify whether the larceny charged was that of grand or petit.

As to the first contention made by plaintiff in error, Article 1, Section 9, of the Constitution of Tennessee gives to one accused of crime the right to meet the witnesses face to face, which is the same right guaranteed under the Sixth Amendment to the Constitution of the United States.

In *Eason v. State,* 65 Tenn. 431, 436, 437, this Court stated:

"We can see no reason why a court should compel the State to make out its case by the introduction of any particular witness, nor require that all the witnesses present at a supposed criminal transaction should be put upon the witness stand. If it be important to the proper defense of the defendant, he can always have the witness in his favor, and, even under our liberal statute, may have his deposition taken in the same manner as in civil cases, on notice to Attorney General—Code, sec. 5378—and read in his favor on the trial. The real object of investigations in court is to ascertain the truth of the case, in order that the judgment of the law may be had on the facts. It can make but little difference to the attainment of this end whether the witness be called by the State or the defendant. If the State shall fail to introduce a material witness who has knowledge of the facts, the defendant, as we have said, may always introduce him, and thus get the facts known by him before the jury, and if he knew the facts that would make against the prisoner, the failure of the State will work for his advantage by lessening the proof against him."

This statement in the Eason case is in accord with the well recognized rule stated, as follows, in 23 C.J.S. Criminal Law sec. 999, page 1047:

"A right of accused under a constitution to be confronted with witnesses does not require the prosecution to call any specific persons as witnesses, and it is not a requirement that all witnesses or persons who may have knowledge of the crime be produced in court

or be called to testify; but it is only the right to meet those witnesses face to face whose testimony is offered at the trial. Stated differently, the right of accused to be confronted with the witnesses against him arises only when a person becomes a witness in the prosecution, and a complaining witness, an informer, or a decoy are not witnesses within such constitutional or statutory requirements where they never become witnesses either in court, before the grand jury, or at the trial. Also, the fact that the prosecution does not produce all the witnesses is not a violation of such constitutional provision, even though the name of one of the witnesses is indorsed on the information.''

The right of confrontation was a common law right having recognized exceptions. The purpose of the provision contained in the Sixth Amendment to the United States Constitution was to preserve that right, but not to broaden it or to remove the exceptions. *Salinger v. United States,* 272 U.S. 542, 548, 47 S.Ct. 173, 175, 71 L.Ed. 398.

The petition for writ of habeas corpus does not contend that plaintiff in error was denied the right ''to be confronted with the witnesses against him'' who actually testified at the trial. This petition, therefore, does not allege facts constituting a denial of any right guaranteed under the Sixth Amendment to the United States Constitution or Article 1, Section 9, of the Constitution of Tennessee.

If it is true, as stated in the petition for habeas corpus, that the plaintiff in error was sentenced ''to a term of three (3) years for the offense of burglary 3rd degree and attempt at larceny'', then the plaintiff in error has

only received the minimum punishment for the offense of burglary in the third degree. T.C.A. sec. 39-904 provides that every person convicted of burglary in the third degree shall be imprisoned in the penitentiary for not less than three (3) years nor more than ten (10) years.

In *Hayes v. State,* 83 Tenn. 64, this Court held that an indictment for attempt to commit larceny does not require the same particularity as an indictment for the offense of larceny itself. In so holding, the Court, at 67 and 68 of 83 Tenn., stated:

"The felonious theft of specified property is the thing charged in the indictment for larceny, and necessary to constitute the offense. It is the attempt to commit a larceny, not the actual larceny of any particular goods or property, that constitutes the offense defined by the statute in review. And so it has been held in a 'class of cases,' also quite numerous in this country, viz; assaults, or attempts to commit offenses in themselves indictable, the same particularity is not necessary as is required in indictments for the commission of the offenses, themselves: *State v. Montgomery,* 7 Baxt., 160; Wharton, Sec. 292.

"if the indictment on its face show facts which make 'an attempt,' in point of law, and so identifies the offense as to secure the offender from a second prosecution for it, it is sufficient".

In the recent case of *Dupuy v. State,* 204 Tenn. 624, 325 S.W.2d 238, this Court referred to the Hayes case and others dealing with the offense of attempt to commit larceny. At page 627 of 204 Tenn., at page 239 of 325 S.W.2d, the Court stated:

"The state relies upon the case of *Rafferty v. State,* 91 Tenn. 655, 659, 16 S.W. 728, 729, in which the Court said:

'*Hayes v. State* [15 Lea 64] was approved and followed in the late case of *Clark v. State,* 86 Tenn. 511, 8 S.W. 145, wherein it was decided that one who feloniously opened the cash-drawer of another, believing it to contain money or other valuables, and intended to steal the same, was guilty of an attempt to commit larceny, and punishable as for a felony, though the drawer proved to be entirely empty.'

"The holding in the above case is a complete answer to this proposition. The intent was there and the overt act was there."

■ Since one may be guilty of the offense of attempt to commit larceny from a cash drawer which proved to be entirely empty, the alleged failure of the indictment in the case in which plaintiff in error was convicted to specify whether he attempted grand or petit larceny can be of no consequence. Certainly the judgment is not void.

■ This Court has ruled many times that a petition for writ of habeas corpus seeking release of one imprisoned under a judgment is a collateral attack upon such judgment, and not a direct attack, and cannot prevail unless the judgment is void. In *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, the Court, at 247 of 211 Tenn., at 889 of 364 S.W.2d stated:

"Upon a collateral attack on a judgment of a court of general jurisdiction made by the parties or their privies, such judgment is presumed to be in all respects regular and valid, unless the record affirmatively shows

that the court rendering the judgment lacked jurisdiction of the subject matter or of the person; such presumption is conclusive 'unless it is impeached by the record itself.' "

The present appeal is before the Court on the technical record in the habeas corpus proceeding only. No part of the record in the case in which plaintiff in error was convicted is before the Court.

T.C.A. sec. 23-1809 states:

"If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ (of habeas corpus) may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto."

In the instant case the Trial Judge was entirely correct in dismissing the petition for writ of habeas corpus without a hearing. The judgment of the Trial Court is affirmed.