IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
February 4, 2003 Session

## MARK L. GRIMES v. FRED RAINEY, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 02-CR-8286     R. Lee Moore, Jr., Judge**

---

**No. W2002-01583-CCA-R3-CO  - Filed August 5, 2003**

---

The pro se appellant, Mark Grimes, appeals from the denial of his petition for the writ of habeas corpus. Since we find that the instant case is analogous to the Tennessee Supreme Court case of McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001); the circuit court erred in summarily dismissing the habeas corpus petition without the appointment of counsel and a hearing. We therefore reverse the judgment of the circuit court and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA McGEE OGLE, JJ., joined.

Mark Grimes, Tiptonville, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; Phillip Bivens, District Attorney General; and Marcia Fogle, Assistant District Attorney General, for the appellee, Fred Raney, Warden.

## OPINION

On July 14, 1993, the appellant, Mark Grimes, entered guilty pleas in the Shelby County Criminal Court to three counts of rape. He was sentenced to twelve years of incarceration with respect to each count and each sentence was to run consecutively to the others for an effective sentence of thirty-six years.

On June 11, 2002, in the Lake County Circuit Court, the appellant filed a petition for the writ of habeas corpus.[1]  In the petition the appellant alleged that his original plea bargain included an agreement to be submitted to the trial court to the effect that the appellant's effective thirty-six-year-sentence be served as a standard Range I offender with a release eligibility date after service of thirty percent (30%) of the sentence.  Attached to the petition for the writ of habeas corpus are copies of three judgments from the Shelby County Criminal Court reflecting that after submission of his guilty pleas the petitioner was indeed required by the trial court to serve only thirty percent of his sentence before reaching release eligibility.

The petitioner also alleges in the petition that on February 2, 2000, unbeknownst to the petitioner, the Shelby County Criminal Court issued amended judgments for the petitioner's convictions.  The petitioner noticed the change in his sentence when in July, 2000, he was informed that he was no longer receiving sentence credits.  The amended judgments allegedly reflect that the petitioner is a multiple rapist and as such must serve 100% of his thirty-six year sentence pursuant to Tennessee Code Annotated section 39-13-523.  These alleged amended judgments are not attached to the habeas corpus petition, but the petitioner did attach a March 19, 2002, letter from W.G. Lutche, Legal Administrator for the Tennessee Department of Correction wherein reference is made to these alleged amended judgments.  Mr. Lutche references the amended judgments when explaining to the petitioner why his attempts through the Department of Correction to regain sentence credits were futile.[2]

On June 18, 2002, the Lake County Circuit Judge summarily dismissed the habeas corpus petition on the grounds that the copies of the judgments attached to the petition did not reflect that the trial court was without jurisdiction to sentence the petitioner as it did, nor that the petitioner's sentence has expired.  The instant appeal followed.

### Habeas Corpus Relief

The Tennessee Supreme Court has explained the very limited scope of habeas corpus relief in Tennessee, as follows:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without

---

[1]In Tennessee, procedures for obtaining habeas corpus relief are governed by Tennessee Code Annotated section 29-21-101, et seq.  Tennessee Code Annotated section 29-21-105 provides that, unless adequate excuse is offered, the petition should be filed in the court "most convenient in point of distance to the applicant . . ."  In this case, Lake County, where the appellant is incarcerated, is the appropriate venue.

[2]Upon learning of his change in status, the petitioner apparently took immediate steps to petition the Department of Correction to restore his sentencing credits pursuant to the Uniform Administrative Procedures Act.  According to Mr. Lutche's letter the department "misfiled" the petitioner's request for relief thereby causing an almost two year delay in the administrative resolution of this matter.

jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). This Court has stated that "[i]f the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

A trial court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition. See Tenn. Code Ann. § 29-21-109; Passarella, 891 S.W.2d at 627. If the petition fails to state a cognizable claim, the petition may be dismissed by the trial court summarily. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W.2d 280 (1964); Tenn. Code Ann. § 29-21-109. The statute provides in part: "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused. . . ." Tenn. Code Ann. § 29-21-109.

The State in its brief cites us to these well-known shibboleth of habeas corpus law in urging us to affirm the summary denial of the petition for the writ of habeas corpus. The State argues that because the petitioner has not attached the alleged amended judgments classifying the petitioner as a multiple rapist, the habeas corpus petition is not in proper form. Moreover, the State's brief stated the following:

> Furthermore, the petitioner has failed to offer any proof that his judgments were ever amended by the trial court. His petition constitutes nothing more than the bare allegation that the trial court amended his judgment. The judgment forms which he attached to his petition do not reflect any amendments. The petitioner has failed to prove that the trial court has amended his judgments. (Brief of the State of Tennessee, pp. 5-6.)[3]

The State's arguments, however, overlook one very salient point. This case is virtually identical to the Tennessee Supreme Court case of McLaney v. Bell, 59 S.W.3d 90 (Tenn. 2001), in which the Court held that under circumstances indistinguishable from the case at bar, a habeas corpus petitioner should be granted relief.

In McLaney the habeas petitioner filed a petition in the Davidson County Criminal Court alleging that he had been on bail on a rape charge out of Jefferson County when he committed two additional felonies in that county. The petitioner submitted a plea agreement for all these charges to the Jefferson County Circuit Court. The plea agreement contained a provision that all three of the

---

[3]Presumably the State is asserting that the 1993 judgments reflecting a 30% release eligibility date are the judgments which are the basis of the petitioner's detention. For the reasons discussed infra, these judgment are illegal and void.

-3-

petitioner's sentences were to be served concurrently. The petitioner further alleged, correctly, that because he was on bail for one felony when he committed two others that his sentences were illegal because Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) mandated consecutive sentencing under such circumstances. Because his agreement to serve concurrent sentences was illegal, the petitioner maintained his pleas of guilty were not knowingly or voluntarily entered and should be set aside. See McLaney, 59 S.W.3d at 92.

The Tennessee Supreme Court held that if McLaney's allegations about being on bail when he committed two additional offenses were true, then concurrent sentences would be in direct contravention of the law, illegal, void, and subject to review by way of a writ of habeas corpus. The supreme court therefore remanded the case to the Davidson County Circuit Court and directed that the court appoint counsel and conduct a hearing with respect to whether McLaney was indeed free on bail at the time he alleged. The Court noted that if the Davidson County habeas court determined that the allegations were true the Davidson County court should declare the concurrent sentences void and then transfer the case to the Jefferson County trial court for imposition of a legal sentence should the petitioner agree, or if no legal plea agreement could be reached, the withdrawal of the original plea and trial. See id. 59 S.W.3d at 94-95.

In the case sub judice, the petitioner alleges that his plea agreement, accepted by the trial court in Shelby County, included a provision that he would be eligible for release after service of 30% of his sentences for his multiple rape convictions. As noted earlier, such a sentence is in direct contravention of Tennessee Code Annotated section 39-13-523, which mandates service of such sentences at 100% undiminished by sentencing credits toward release. This Court has previously held that plea bargains such as the one the petitioner describes are illegal and void. See Lloyd Paul Hill v. State, No. M2000-01428-CCA-R3-PC, 2001 WL 1006050, at *5 (Tenn. Crim. App. at Nashville, Aug. 30, 2001).

Therefore, in accordance with McLaney v. Bell, 59 S.W.3d at 94-95, we remand this case to the Lake County Circuit Court for the appointment of counsel and a hearing on the validity of the petitioner's sentences. Should the Lake County Circuit Judge determine that the petitioner's sentences are illegal and void, the habeas court should declare the sentence void and transfer the matter to the Shelby County Criminal Court for further proceedings in accordance with this opinion and McLaney v. Bell.

## Conclusion

In light of the foregoing we reverse the judgment of the Lake County Circuit Court and remand this case for further proceedings consistent with this opinion.

_____
JERRY L. SMITH, JUDGE

-4-