# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### DECEMBER SESSION, 1997

**FILED**

January 26, 1998

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **RANDY BLAINE KNIGHT,** | ) | **C.C.A. NO. 03C01-9705-CR-00162** |
| | ) | |
| Appellant, | ) | |
| | ) | **JOHNSON COUNTY** |
| | ) | |
| **V.** | ) | |
| | ) | **HON. LYNN BROWN, JUDGE** |
| **HOWARD CARLTON, WARDEN,** | ) | |
| | ) | |
| Appellee. | ) | **(HABEAS CORPUS)** |

FOR THE APPELLANT:

**RANDY KNIGHT,** *pro se*
N.E.C.C. #101642
P.O. Box 5000
Mountain City, TN  37683

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**TIMOTHY F. BEHAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**DAVID CROCKETT**
District Attorney General
Route 19, Box 99
Johnson City, TN  37601

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Appellant, Randy Blaine Knight, appeals as of right from the trial court's dismissal of his Petition for Habeas Corpus Relief. We affirm the judgment of the trial court.

The record shows that on December 12, 1983, Appellant was convicted of two counts of second degree burglary, one count of grand larceny, one count of aggravated rape, and one count of aggravated kidnapping. He received an effective sentence of seventy (70) years in the Tennessee Department of Correction. On September 11, 1996, he filed the petition for writ of habeas corpus relief which is the subject of this appeal. In essence, Appellant argues that the indictment charging all of the offenses is void because the culpable mental state for each offense was not alleged in the indictment.

The first count of the indictment, charging Appellant with second degree burglary, alleged that he did "break and enter a dwelling house during the daytime . . . with the felonious intent to commit a felony therein, to-wit: larceny . . . ." The second count of the indictment charged Appellant with the crime of grand larceny and alleged that the property was taken "with the felonious intent to permanently deprive the said true owner thereof." The third count of the indictment charged second degree burglary by alleging that the Appellant did "feloniously break and enter a dwelling house by daytime . . . with the felonious intent to commit a felony therein, to-wit: an aggravated rape . . . ." The fourth count of the indictment charged that the Appellant committed aggravated rape and that he did "feloniously, sexually penetrate another, to-wit: [victim] and that

force or coercion was used to accomplish the act . . . ." The indictment further alleged that he was armed with a .25 caliber pistol, caused personal injury to the victim, and penetrated her genital area with his finger. The fifth count of the indictment alleged that Appellant committed the offense of aggravated kidnapping and included allegations that he did "seize, confine, inveigled, enticed, decoyed, abducted, concealed, kidnapped or carried away, [victim] with the felonious intent to cause the said [victim] to be confined secretly, against her will or to detain the said [victim] against her will . . . ." The indictment further alleged serious bodily injury to the victim and that a deadly weapon was used during the commission of the criminal act.

Counts 1, 2, 3, and 5 plainly and clearly alleged the Appellant's felonious intent to satisfy any requirements of allegations of the appropriate mens rea.

Appellant places the most emphasis in his argument on the fourth count of the indictment, which alleges in full as follows:

> The Grand Jurors for the State and County aforesaid, upon their oath present and say that Randy Blaine Knight on or about the 24 day of July, 1983, in the State and County aforesaid did unlawfully and feloniously, sexually penetrate another, to-wit: [victim] and that force or coercion was used to accomplish the act and that the defendant was armed with a weapon, to-wit: a .25 caliber automatic pistol. The defendant caused personal injury to the said [victim]. The defendant's penis touched her genital area and he did penetrate her genital area with his finger several times, and did injure her by striking her with his gun, and biting her, contrary to the Statute, [a]gainst the peace and dignity of the State of Tennessee.

In support of his argument, Appellant relies upon the decision of this Court in State v. Roger Dale Hill, C.C.A. No. 01C01-9508-CC-00267, Wayne

County (Tenn. Crim. App., Nashville, June 20, 1996). However, our supreme court reversed this Court's decision in Hill. See State v. Hill, 954 S.W.2d 725 (Tenn. 1997).

Furthermore, a panel of this Court has previously held in a similar case that the ruling of this Court in State v. Roger Dale Hill, was based upon an interpretation of Tennessee Code Annotated section 39-11-301(c), which was enacted in 1989. See Gregory L. Hatton v. State of Tennessee, C.C.A. No. 02C01-9611-CC-00407, slip op. at 2, Lake County (Tenn. Crim. App., Jackson, Feb. 19, 1997).

As in Hatton, Appellant was convicted of an offense which occurred prior to enactment of the 1989 revisions to the Criminal Code. We conclude that the language in the indictment charging appellant with various offenses was sufficient under the law as it existed at the time of the offenses.

Appellant's petition may be dismissed summarily if the petition fails to state a cognizable claim. See Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); State ex rel. Byrd v. Bomar, 381 S.W.2d 280, 283 (Tenn. 1964); Tenn. Code Ann. § 29-21-109. The trial court properly dismissed Appellant's petition.

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

-4-

CONCUR:


_____
DAVID H. WELLES, Judge


_____
DAVID G. HAYES, Judge