# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JANUARY 1998 SESSION



FILED

March 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID W. FELTS, | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9708-CR-00333 |
| | ) | |
| v. | ) | Morgan County |
| | ) | |
| CHARLES JONES, Warden, | ) | |
| and STATE OF TENNESSEE, | ) | Hon. E. Eugene Eblen, Judge |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

FOR THE APPELLANT:

DAVID W. FELTS
Pro Se
M.C.R.C.F.
P.O. Box 2000
Wartburg, TN  37887-2000

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

CHARLES E. HAWK
Dist. Attorney General

FRANK HARVEY
Asst. Dist. Attorney General
P.O. Box 703
Kingston, TN  37763

OPINION FILED: _____

AFFIRMED

**CURWOOD WITT, JUDGE**

The petitioner, David W. Felts, appeals the Morgan County Criminal Court's summary denial of his petition for the writ of habeas corpus. According to his petition, Felts is presently serving a 23-year incarcerative sentence following his guilty pleas to the crimes of aggravated sexual battery and rape of a child. He alleges he is entitled to issuance of the writ of habeas corpus because the indictments against him fail to allege a culpable mens rea. He also claims the lower court should have appointed counsel and conducted a hearing prior to ruling on his petition. We affirm the judgment of the court below.

The petitioner has failed to include the relevant indictments in the record on appeal. As the appellant, he has the duty to ensure that the record on appeal contains all of the evidence relevant to those issues which are the bases of appeal. Tenn. R. App. P. 24(b); State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993); State v. Deborah Gladish, No. 02C01-9404-CC-00070 (Tenn. Crim. App., Jackson, November 21, 1995), perm. app. denied (Tenn. 1996). In the absence of such a record, the affected issues are waived. State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). "In the absence of an adequate record on appeal, this court must presume that the trial court's rulings were supported by sufficient evidence." Oody, 823 S.W.2d at 559.

Also, we have no basis for determining that the trial court erred in dismissing the petition without appointment of counsel and a hearing. The Habeas Corpus Act requires the court to review the petition and dismiss it and refuse to issue the writ unless it indicates the petitioner's conviction may be void. See Tenn. Code Ann. §§ 29-21-101, -109 (1980). If the writ is refused based on the failure of the petition to raise a cognizable claim for relief, any need for a hearing is obviously pretermitted because there is no justiciable issue before the court. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W.2d 280 (1963). Moreover, there is no requirement in the Habeas Corpus Act that a petitioner be afforded appointed

counsel or the opportunity to amend the petition.  See generally Tenn. Code Ann. §§ 29-21-101 to -130 (1980 and Supp. 1996).  Thus, the trial court did not err simply because it did not allow a hearing, appointment of counsel and an opportunity for amendment of the petition.

In sum, we find no error in the proceedings below.  The trial court's dismissal of Felts's habeas corpus petition is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
WILLIAM M. BARKER, JUDGE