**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT JACKSON**

ROY LEE CRAWFORD,     )
            )
   Petitioner,     ) **C. C. A. NO. 02C01-9803-CR-00092**
            )
vs.         ) **SHELBY COUNTY**
            )
STATE OF TENNESSEE,   ) **No. P-04340**
            )
   Respondent.    )

**FILED**

**July 23, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

**O R D E R**

   This matter is before the Court upon the state's motion to dismiss, or in the alternative, motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals. The record and petitioner's brief have both been filed.

   The petitioner was originally convicted of second degree murder in 1975 and sentenced to life imprisonment. The petitioner was also convicted of robbery with a deadly weapon and assault with intent to commit murder in 1976 and received an effective twenty-three year sentence, to be served consecutively to the life sentence. It is unclear from the record whether the petitioner appealed these convictions. The petitioner subsequently filed a hybrid petition for post-conviction relief and petition for writ of habeas corpus, which was dismissed by the trial court on June 11, 1986. This Court affirmed on appeal. Roy L. Crawford v. State, No. 21, Shelby County (Tenn. Crim. App., Feb. 3, 1988).

   On January 21, 1998, the petitioner filed a "motion to re-open and amended petition for post conviction relief and amended petition for writ of habeas corpus," which was summarily dismissed by the trial court. The trial court found that the petition for writ of habeas corpus was not properly before the court and that the statute of limitations had expired on the petition for post-conviction relief. On appeal, the petitioner claims, in essence, that the trial court should have granted him a hearing on his petitions. The petitioner alleged in his petition that the reasonable doubt instruction was unconstitutional and that his due process rights were violated when he was

arrested on an alleged escape charge in 1985.

It appears the petitioner is currently incarcerated in the Hardeman County Correctional Center. Pursuant to T.C.A. § 29-21-105, a petition for writ of habeas corpus should be filed with the court or judge nearest in distance to the petitioner. This was not done and the petitioner has failed to proffer a sufficient reason for not doing so in this case. Accordingly, the court below properly dismissed the petition for writ of habeas corpus without a hearing. See State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964).

Furthermore, the trial court properly dismissed the petition for post-conviction relief. The petitioner is challenging aspects of his convictions from 1975 and 1976, as well as his arrest on the alleged escape charge in 1985. This petition is clearly barred by the statute of limitations and the petitioner has not satisfied an exception to the statute. T.C.A. § 40-30-202. Accordingly, the trial court properly dismissed the petition without a hearing. T.C.A. § 40-30-206(b). Nor has the petitioner met the requirements to re-open his prior petition for post-conviction relief. See T.C.A. § 40-30-217.

Having reviewed the entire record on appeal, and for the reasons stated above, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
PAUL G. SUMMERS, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOE G. RILEY, JUDGE

2