IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 4, 2003

## MITCHELL TARVER v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Obion County**
**No. 2-223     William B. Acree, Jr., Judge**

---

**No. W2002-01662-CCA-R3-CO  - Filed October 21, 2003**

---

The pro se petitioner, Mitchell Tarver, appeals from the denial of his petition for a writ of habeas corpus. We conclude that the circuit court erred in summarily dismissing the habeas petition under the peculiar circumstances presented in the instant case. We therefore reverse the judgment of the circuit court and remand for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Reversed and Remanded.**

JERRY SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Mitchell Tarver, *pro se*, Clifton, Tennessee.

Paul G. Summers, Attorney General & Reporter; R. Robin Dixon, Jr., Assistant Attorney General; and Thomas A. Thomas, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

On November 19, 1993, the petitioner pled guilty to the offense of rape of a child. The petitioner alleges that he entered into a plea agreement with the state agreeing to plead guilty to this offense in return for a guaranteed sentence of fifteen years of incarceration to be served at a 30% release eligibility date. The plea agreement was accepted by the trial court on February 25, 1994.

On June 25, 2002, in the Obion County Circuit Court, the petitioner filed a pro se petition seeking habeas corpus relief. As noted, the petitioner alleged that he had agreed, per a plea agreement with the state, to serve a fifteen-year-sentence for his crime of child rape with a 30 % release eligibility date. However, pursuant to the passage of a statute amending release eligibility for child rapists in 1995, the law required all individuals convicted of child rape to serve 100% of

their sentence. The petitioner alleged that although his sentence has expired under the terms of his plea agreement, he is being forced to serve a longer term of imprisonment based on the new statutory sentencing guidelines that require child rapists to serve 100% of their sentence.[1] Accordingly, he alleges that the habeas court erred by denying his writ because he is being forced to serve an expired sentence. In its order denying the petition, the habeas court stated that the petitioner had failed to present any grounds for habeas relief because the trial court's judgment form reflects that he was ordered to serve a fifteen-year sentence as a child rapist, and Tennessee Code Annotated section 39-13-523 mandates that all child rapists serve the entirety of their sentence. The habeas court noted that there are two judgments for the single offense. One judgment notes a 30% release eligibility date as a standard offender. The other reflects a sentence only as a child rapist. It is this latter judgment that the habeas court concluded was the actual judgment of the court.

## Habeas Corpus Relief

The Tennessee Supreme Court has explained the very limited scope of habeas corpus relief in Tennessee, as follows:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). This Court has stated that "[i]f the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

A habeas court is not required, as a matter of law, to grant the writ and conduct an inquiry into the allegations contained in the petition. See Tenn. Code Ann. § 29-21-109; Passarella, 891 S.W.2d at 627. If the petition fails to state a cognizable claim, the petition may be dismissed by the habeas court summarily. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W.2d 280 (1964); Tenn. Code Ann. § 29-21-109. The relevant statute provides in part: "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused. . . ." Tenn. Code Ann. § 29-21-109.

The state argues that the habeas court acted properly by summarily dismissing the petitioner's request for habeas relief because the petitioner alleged but failed to demonstrate that he was serving

_____

[1] The petitioner incorrectly alleges that this requirement only became effective in 1995. In fact Tennessee Code Annotated section 39-13-523 mandated this requirement as early as 1993.

an expired term. Specifically, the state relies on one of the judgment forms submitted to the habeas court that reflects that the petitioner was sentenced to serve his fifteen-year agreed upon sentence under the classification of "child rapist." Per Tennessee Code Annotated section 39-13-523, child rapists are required to serve the entirety of their sentence and are not eligible for an early release. See Tenn. Code Ann. § 39-13-523 (Supp. 2002).

However, when arguing that the habeas court acted properly by summarily dismissing the petitioner's request for habeas relief, the state has not considered the precedent set forth in the Tennessee Supreme Court opinion of McLaney v. Bell, 59 S.W.3d 90 (Tenn.2001). In McLaney the habeas petitioner filed a petition in the Davidson County Criminal Court alleging that he had been on bail on a rape charge out of Jefferson County when he committed two additional felonies in that county. The petitioner submitted a plea agreement for all these charges to the Jefferson County Circuit Court. The plea agreement contained a provision that all three of the petitioner's sentences were to be served concurrently. The petitioner further alleged, correctly, that because he was on bail for one felony when he committed two others, his sentences were illegal because Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) mandated consecutive sentencing under such circumstances. Because his agreement to serve concurrent sentences was illegal, the petitioner maintained his pleas of guilty were not knowingly or voluntarily entered and should be set aside. See McLaney, 59 S.W.3d at 92.

The Tennessee Supreme Court held that if McLaney's allegations about being on bail when he committed two additional offenses were true, then concurrent sentences would be in direct contravention of the law, illegal, void, and subject to review by way of a writ of habeas corpus. The supreme court therefore remanded the case to the Davidson County Circuit Court and directed that the court appoint counsel and conduct a hearing with respect to whether McLaney was indeed free on bail at the time he alleged. The Court noted that if the Davidson County Circuit Court determined that the allegations were true, the Davidson County court should declare the concurrent sentences void and then transfer the case to the Jefferson County trial court for imposition of a legal sentence should the petitioner agree, or if no legal plea agreement could be reached, the withdrawal of the original plea and trial. See id. 59 S.W.3d at 94-95.

In the case sub judice, the petitioner alleges that his plea agreement, accepted by the circuit court in Obion County and reflected in his judgment form, included a provision that he would be eligible for release after service of 30% of his sentences for his child rape conviction. The petition submitted to the habeas court and a judgment form attached thereto, indicate that the trial court accepting the petitioner's plea both denoted that the petitioner was a child rapist, but likewise indicated that the petitioner was to serve 30% of his sentence as a Range I standard offender. Such a sentence is in direct contravention of Tennessee Code Annotated section 39-13-523, which mandates service of such sentences at 100% undiminished by sentencing credits toward release. The petitioner alleged in his habeas petition that he committed the crime at issue in 1993, and this allegation is not disputed by the record. Accordingly, section 39-13-523, whose effective date is July 1, 2002, required the defendant to serve his sentence for child rape in its entirety. This Court has previously held that plea agreements allowing the defendant to serve an illegal sentence are void.

See Lloyd Paul Hill v. State, No. M2000-01428-CCA-R3-PC, 2001 WL 1006050, at *5 (Tenn. Crim. App. at Nashville, Aug. 30, 2001).

The peculiar problem in this case is that there are two conflicting judgment forms. Since the habeas court and the court of conviction are one in the same, it appears that the judge below simply examined the trial court records and made a finding that the judgment reflecting a legal sentence was the sentence actually imposed when the petitioner was originally sentenced. As a result the habeas court summarily dismissed without any further evidentiary proceedings.

At first blush this appears sensible, however summary dismissal of a habeas corpus petition is only appropriate when the allegations in the habeas petition show that the petitioner is not entitled to relief. Tenn. Code Ann. § 29-21-109; McLaney, 59 S.W.3d at 93. In the instant case the allegations in the petition and the documents supporting them would demonstrate a void sentence for a child rapist. The habeas court was able to reach its decision to dismiss only through resort to a review of the underlying records of the conviction. While consideration of the underlying record of convictions is appropriate, see, id. fn. 2, we believe it must be done in the context of an evidentiary hearing wherein the habeas petitioner has the opportunity to explain any discrepancy in the underlying records and the allegations in the habeas petition which if true would render the sentence void. Thus, in the instant case the habeas judge should have directed an answer or issuance of writ pursuant to Tennessee Code Annotated section 29-21-110, and proceeded to a hearing to resolve the apparent conflict in the judgment forms and grant or deny relief as appropriate.

Therefore, we remand this case to the Obion County Circuit Court for an order directing the custodian of the petitioner to respond to the allegations in the habeas petition, an evidentiary hearing wherein the petitioner shall be given an opportunity to prove his allegations and such other relief as may be appropriate.

## Conclusion

In light of the foregoing we reverse the judgment of the Obion County Circuit Court and remand this case for further proceedings consistent with this opinion.

_____
JERRY L. SMITH, JUDGE