# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## SUSAN DAUGHERTY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-A-381     Steve R. Dozier, Judge**

---

**No. M2003-03053-CCA-R3-HC - Filed November 16, 2004**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The appellant has appealed the trial court's order summarily dismissing the appellant's petition for writ of habeas corpus.  Upon a review of the record in this case we are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Jack Howell Davis, Jr., Nashville, Tennessee for the appellant, Susan Daugherty

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The appellant pled guilty to theft of property over $500.00 and one count of aggravated burglary and was sentenced to a total of five years in the Community Corrections program.  The trial court's judgment was entered on October 1, 2001.  On February 2, 2002, the appellant was sentenced to a consecutive three years for vehicular assault for a total of eight years to be served in the Tennessee Department of Correction.  The appellant filed the petition for a writ of habeas corpus on November 7, 2003.  In the petition, the appellant alleged that she had received ineffective assistance of counsel and that her guilty plea was invalid due to various procedural defects.  The trial court dismissed the appellant's petition by order on November 17, 2003, because there were no grounds

present upon which to grant the appellant's petition. The appellant filed a notice of appeal on December 9, 2003.

Analysis

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings that the trial court determines that the petitioner would not be entitled to relief then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W.2d 280 (1964).

A habeas petitioner can only attack a judgment that is void on its face and not one that is merely voidable. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "A voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Id. The appellant's grounds for her writ of habeas corpus are ineffective assistance of counsel and various procedural defects from her guilty plea. These grounds are usually presented in a petition for post-conviction relief. To be successful on these grounds, the appellant must present proof to show that her guilty plea was invalid. Therefore, the judgment is a voidable judgment, not a void judgment as required to be successful on a petition for writ of habeas corpus.

At the most, the appellant's allegations would form the basis for a petition for post-conviction relief. However, if we were to treat the appellant's writ of habeas corpus as a petition for post-conviction relief, the appellant would still be unsuccessful as her petition did not fall within the one year statute of limitations for filing a petition for post-conviction relief. Tenn. Code Ann. § 40-30-102.

Conclusion

For the foregoing reasons the State's motion to affirm, pursuant to Rule 20, Rules of the Court of Criminal Appeals is GRANTED. The judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE