# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## SCOTT M. CRAIG v. DAVID MILLS, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 09-CR-9514     E. Eugene Eblen, Judge**

---

**No. E2010-00487-CCA-R3-HC - Filed August 3, 2010**

---

The Petitioner, Scott M. Craig, appeals the Morgan County Criminal Court's summary dismissal of his petition for a writ of habeas corpus. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

D. KELLY THOMAS, JR, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Scott M. Craig, Petros, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter;  John H. Bledsoe, Senior Counsel, attorneys for appellee, State of Tennessee.

## MEMORANDUM OPINION

The record reflects that a Bradley County Criminal Court jury convicted the Petitioner of two counts of aggravated rape and one count of aggravated kidnapping. On July 27, 1998, the trial court sentenced the Petitioner to concurrent sentences of fifteen years for the aggravated rape convictions and a consecutive sentence of eight years for the aggravated kidnapping conviction, for a total effective sentence of twenty-three years to be served as a Range I, standard offender. The trial court entered amended orders on January 1, 1999, to properly reflect that the sentences should be served as a Violent Offender and to reflect fines imposed by the jury totaling $65,000.

On direct appeal, this court remanded the case for a sentencing hearing concerning the imposition of consecutive sentences and directed the imposition of sentences of twenty years for each aggravated rape conviction. State v. Scott M. Craig, No. E2001-01528-CCA-R3-CD, 2002 WL 1972892, at *10 (Tenn. Crim. App. Aug. 27, 2002). On March 28, 2003, a second set of amended judgments was entered by the trial court; these judgments increased the aggravated rape sentences to twenty years each, removed the imposition of consecutive sentences, and notably failed to impose the fines for the aggravated rapes totaling $45,000. Subsequently, on January 29, 2009, a third set of amended judgments was entered by the trial court; these judgments reinstated the fines totaling $65,000.

On February 10, 1999, the Bradley County Circuit Court Clerk certified that a Sexual Offense Surcharge of $8,000 was also imposed pursuant to Tennessee Code Annotated section 39-13-709. Pursuant to the imposition of the surcharge tax, the Tennessee Department of Correction began collecting 50% of the funds contained in the Petitioner's inmate trust account. A February 29, 2008 order by the trial court declared the assessment included $3,000 for each aggravated rape conviction and $2,000 for the aggravated kidnapping conviction.

The Petitioner pursued an unsuccessful petition for post-conviction relief, the denial of which was affirmed by this court on appeal. Scott M. Craig v. State, No. E2005-02539-CCA-R3-PC, 2006 WL 2161806 (Tenn. Crim. App. Aug. 2, 2006), perm. app. denied (Tenn. Nov. 13, 2006). On December 8, 2009, the Petitioner filed this petition for a writ of habeas corpus alleging that his sentences were illegal due to the imposition of the sex offender surcharge tax which he claims exceeds the statutory limit of $3,000 "per case." The habeas corpus court summarily dismissed the petition of January 25, 2010. The Petitioner now appeals, and the State has filed a motion asking this court to affirm the judgment of the habeas corpus court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

Tennessee law provides that "[a]ny person imprisoned or restrained of his liberty under any pretense whatsoever . . . may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. Habeas corpus relief is limited and available only when it appears on the face of the judgment or the record of proceedings below that a trial court was without jurisdiction to convict the petitioner or that the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). To prevail on a petition for a writ of habeas corpus, a petitioner must establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. See State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964). If a petition fails to state a cognizable claim, it may be dismissed summarily by the trial court without further inquiry. See State ex rel. Byrd v. Bomar, 381 S.W.2d 280, 283 (Tenn. 1964); Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas

corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. <u>McLaney v. Bell</u>, 59 S.W.3d 90, 92 (Tenn. 2001).

We agree with the State that matters concerning the imposition of the sexual offender surcharge are not cognizable in a habeas corpus proceeding. Any failure to note the tax on the judgments would not render the judgments void; and, if required, the judgments could be corrected by the trial court at any time. The trial court's February 29, 2008 order clarifies the imposition of the tax. Furthermore, we note that the amount of tax imposed *per each convicted count* does not exceed any statutory limit and that the authority to collect the tax through an inmate trust account is vested in the TDOC. Accordingly, we conclude that the habeas corpus court correctly dismissed the petition. Therefore, the State's motion for an affirmance pursuant to Rule 20 of the Court of Criminal Appeals is granted. For the reasons stated, the judgment of the habeas corpus court is affirmed in accordance with Rule 20 of the Rules of the Court of Criminal Appeals.

_____

D. KELLY THOMAS, JR., JUDGE

3