IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 6, 2007

## EDWARD JOHNSON v. MARK LUTTRELL, SHERIFF and STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-30958    W. Mark Ward, Judge**

---

**No. W2006-01409-CCA-R3-HC  - Filed March 6, 2007**

---

The petitioner, Edward Johnson, appeals the Shelby County Criminal Court's denial of his petition for writ of habeas corpus that he filed while incarcerated awaiting trial for two counts of aggravated assault.  Following our review, we affirm.

**Tenn. R. App. 3, Appeal as of Right; Judgment of the Criminal Court is Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Edward Johnson, Memphis, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; William Gibbons, District Attorney General; Paul Hagerman, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

On June 7, 2006, the petitioner filed a petition for writ of habeas corpus alleging that he was being illegally restrained while awaiting trial for two counts of aggravated assault that, he alleges, were founded upon perjurous information.  He also alleged that the preliminary hearing evidence was insufficient to establish probable cause.[1]  He subsequently amended the petition to include several allegations that are loosely-related constitutional attacks upon the probable cause determination that led to his incarceration while awaiting trial.  The trial court dismissed the petition without the

---

[1] We are able to determine from the petitioner's filings that the charges stem from an incident at a Memphis Family Dollar store when the petitioner allegedly entered the store in search of employment and ended up brandishing a knife at two store managers before fleeing the scene, obviously without obtaining employment.

appointment of counsel or an evidentiary hearing, finding that the "allegations [in the petition] even if taken as true do not show a void judgment on its face."

## ANALYSIS

Tennessee law provides that "[a]ny person imprisoned or restrained of his liberty under any pretense whatsoever . . . may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. Habeas relief is limited and available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment is rendered that a trial court was without jurisdiction to convict the petitioner or that the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). To prevail on a petition for writ of habeas corpus, a petitioner must establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. See State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If a petition fails to state a cognizable claim, it may be dismissed summarily by the trial court without further inquiry. Tenn. Code Ann. § 29-21-109; See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (1964).

The determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the trial court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). The trial court's order addressed the allegations with respect to a sufficient showing of "a void judgment on its face." However, as stated previously, the proper scope of examination for habeas relief is not limited to only the face of the judgment, but also includes the record of the proceedings upon which the judgment is rendered. Archer, 851 S.W.2d at 164.

In reviewing the allegations of this petition, we note that, on appeal, the petitioner raises nineteen allegations of error that can best be summarized as additional attacks on the initial warrant leading to his arrest and subsequent probable cause determination that led to his incarceration while awaiting trial for two counts of aggravated assault. However, none of the allegations raised in the petition, the amended petition or on appeal would result in the grant of habeas corpus relief. The Sheriff of Shelby County is within his authority to incarcerate a defendant awaiting trial who is unable or unwilling to make bond.[2] Therefore, we conclude that the trial court did not err in dismissing the petition.

## CONCLUSION

Based upon the foregoing and after full consideration of the record, arguments of counsel and applicable law, this court concludes that the petitioner has failed to establish that he is entitled to habeas corpus relief. The judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

---

[2] There is no evidence in the record to indicate that the petitioner has been denied bail while awaiting trial. Nevertheless, the proper redress for a denial of bail would be a motion for bail in the trial court and, if unsuccessful, an appeal of the bail determination pursuant to Rule 8(a) of the Tennessee Rules of Appellate Procedure.