# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

**FILED**

October 1, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## AT KNOXVILLE

## APRIL 1999 SESSION

| | | |
|---|---|---|
| **RONNIE OLIVER,** | * | C.C.A. 03C01-9806-CR-00198 |
| Appellant, | * | MORGAN COUNTY |
| vs. | * | Hon. E. Eugene Eblen, Judge |
| **STATE OF TENNESSEE,** | * | (Petition for Writ of Habeas Corpus) |
| Appellee. | * | |

For Appellant:

Ronnie Oliver
B.M.C.X. Box 2000
Wartburg, TN  37887

For Appellee:

John Knox Walkup
Attorney General and Reporter
425 Fifth Avenue North
Nashville, TN  37243-0493

Ellen H. Pollack
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243-0493

OPINION FILED: _____

AFFIRMED - RULE 20

NORMA MCGEE OGLE, JUDGE

## OPINION

The petitioner, Ronnie Oliver, appeals the summary dismissal of his petition for a writ of habeas corpus by the Criminal Court of Morgan County on November 6, 1997. The limited record before this court reflects that, in 1996, the petitioner was charged with and convicted of three counts of aggravated sexual battery and one count of especially aggravated sexual exploitation of a minor.[1] The petitioner received an effective sentence of eighteen years incarceration in the Tennessee Department of Correction. He did not appeal his convictions until April 3, 1997, when he filed the instant petition for habeas corpus relief. In his petition, he asserted that the presentments underlying his convictions were fatally defective for failing to allege the applicable mental states of the charged offenses. In declining to appoint counsel or conduct an evidentiary hearing prior to dismissing the petition, the trial court cited our supreme court's decision in State v. Hill, 954 S.W.2d 725 (Tenn. 1997), and concluded that the petitioner had failed to state a cognizable ground for relief. Following a thorough review of the record, we conclude that this is an appropriate case for affirmance pursuant to Ct. of Crim. App. Rule 20.

The Habeas Corpus Act requires a court to review a petition and dismiss it unless it alleges a cognizable ground for relief. Tenn. Code Ann. §§ 29-21-101 to −109 (1980). In other words, a petition for a writ of habeas corpus may be summarily dismissed by the trial court without appointment of counsel, without an evidentiary hearing, and without the opportunity to amend the petition, if the face of the petition does not present a cognizable claim. Mitchell v. Carlton, No. 03C01-9704-CR-00125, 1998 WL 8505, at *2 (Tenn. Crim. App. at Knoxville, January 12,

---

[1] The petitioner claims in his petition that he was convicted of four counts of aggravated sexual battery. However, he attached to his petition presentments charging him with three counts of aggravated sexual battery and one count of especially aggravated sexual exploitation of a minor. The petitioner failed to attach copies of the judgments of conviction. Tenn. Code. Ann. § 29-21-107(b)(2) (1980).

1998).  See also State ex rel. Byrd v. Bomar, 381 S.W.2d 280, 283 (Tenn. 1964). Upon review of the challenged presentments, we agree that the petitioner has failed to present a cognizable claim.  First, we note that the presentment for especially aggravated sexual exploitation of a minor does set forth the applicable mental state. Second, with respect to the presentments for aggravated sexual battery, we conclude that they comport with the requirements of Hill, 954 S.W.2d at 726-727. See also Ruff v. State, 978 S.W.2d 95, 96-98 (Tenn. 1998).

Accordingly, we affirm the judgment of the trial court pursuant to Ct. of Crim. App. Rule 20.

_____
Norma McGee Ogle, Judge

CONCUR:

_____
Jerry L. Smith, Judge

_____
Joe G. Riley, Judge