# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## JOHN ALLEN HESSMER V. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 3582    Monte Watkins, Judge**

---

**No. M2004-02818-CCA-R3-HC - Filed December 2, 2005**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The petitioner has appealed the trial court's order summarily dismissing the petition for writ of habeas corpus. Upon a review of the record in this case, we are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

John Allen Hessmer, Pro Se, Pikeville, Tennessee

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On March 30, 2000, the defendant pled guilty to one count of aggravated burglary and one count of vandalism over $1,000 in Macon County. On the same date, the defendant pled guilty to one count of possession of more than one half ounce of marijuana in Wilson County. He was sentenced as a Range I offender to three years on the first count, three years on the second count and one year on the third count, to be served consecutively.

The petitioner then filed several pro se federal and state petitions attacking his convictions. On October 14, 2004, the petitioner filed a Habeas Corpus Petition for Release from Imprisonment

in the Criminal Court for Davidson County. This petition was denied by written order on October 18, 2004. The habeas corpus court stated in its order that the petitioner "failed to establish any cognizable claim under the law, or that his judgment is either void or illegal . . . ." The petitioner filed a timely notice of appeal.

## Analysis

The determination of whether to grant habeas corpus relief is a question of law. See McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. See Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 16, 19-20 (Tenn. 2004); Archer, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, is a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

"A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." Hickman, 153 S.W.3d at 21.

The petitioner's writ of habeas corpus does not meet the mandatory statutory requirements. The petitioner failed to state whether the legality of his restraint had already been adjudged upon a prior proceeding of the same character, and he failed to state whether the petition was his first habeas corpus petition. Tenn. Code Ann. § 29-21-107(b)(3) & (4). The failure to meet the statutory requirements are in themselves sufficient reason to dismiss the petitioner's writ of habeas corpus.

In addition to his failure to meet the statutory requirements, the petitioner has failed to show that his judgments are void. He has not shown that the convicting courts were without jurisdiction, and he has not shown that he is being held despite the expiration of his sentence. There is nothing in the record or on the face of the judgments to show that the petitioner's writ of habeas corpus should be granted. When there is no cognizable claim, a habeas corpus court may summarily dismiss a writ without the appointment of counsel or holding a hearing. Passarella, 891 S.W.2d at 619.

Therefore, the habeas corpus court was correct in summarily dismissing the petitioner's writ of habeas corpus.

## Conclusion

Rule 20 of the Rules of the Court of Criminal Appeals provides:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
>
> (1)(a) The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20, and we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE