# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MELVIN E. WATERS v. KENNETH LOCKE, WARDEN

### Appeal from the Criminal Court for Davidson County
### No. 3541    Monte Watkins, Judge

---

### No. M2004-02814-CCA-R3-HC- Filed July 22, 2005

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has appealed the trial court's order summarily dismissing the petition for the writ of habeas corpus. In that petition the petitioner sought a writ of habeas corpus to release him from his sentence for facilitating aggravated robbery. We are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Charles Edward Walker, Nashville, Tennessee, for the appellant, Melvin E. Waters.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner was convicted of facilitating aggravated robbery, aggravated assault, resisting arrest and criminal impersonation. The petitioner waived a sentencing hearing and agreed to be sentenced as a Range II multiple offender to twelve (12) years for facilitation of aggravated robbery, a Class C felony; six (6) years for aggravated assault, a Class C felony; six (6) months for resisting arrest, a Class B misdemeanor; and six (6) months for criminal impersonation, a Class B misdemeanor, all sentences to run concurrently. On direct appeal, this Court affirmed the petitioner's convictions, and, in the only issue raised by the petitioner on direct appeal, this Court

determined that the evidence was sufficient to support the convictions. See State v. Melvin E. Waters, No. M2000-03224-CCA-R3-CD, 2001 WL 1545500 (Tenn. Crim. App., at Nashville, Dec. 5, 2001), perm. app. granted, (Tenn. June 3, 2002).

Subsequently, the petitioner filed an application for permission to appeal to the Tennessee Supreme Court, where he raised the issue of illegal sentencing for the first time. The supreme court remanded the case to determine the issue of whether the trial court erred in sentencing the petitioner to twelve (12) years for the facilitation of robbery, where the sentence of twelve (12) years was outside the range for a range II offender convicted of a Class C felony. This Court upheld the petitioner's sentence, determining that:

> The sentence imposed resulted from a sentencing agreement between the defendant and the State. That sentencing agreement is tantamount to a plea bargain, which we conclude was made in good faith, knowing and voluntary, and waived any irregularity as to offender classification. The sentence imposed was within the range for a Class C felony of three to fifteen years, which is jurisdictional and non-waivable. The offender classification and release eligibility status is non-jurisdictional and subject to agreement and waiver by the defendant.

State v. Melvin Waters, No. M2002-01297-CCE-RM-CD, 2003 WL 141087, at *4 (Tenn. Crim. App., at Nashville, Jan. 16, 2003), perm. app. denied, (Tenn. May 12, 2003).

On July 12, 2004, the petitioner filed a petition for writ of habeas corpus in the Davidson County Criminal Court alleging that his sentence was illegal. Counsel was appointed and an amended petition was filed on September 2, 2004. The trial court entered an order denying the petition on October 14, 2004. The petitioner filed a timely notice of appeal.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If the petitioner fails to establish that his conviction is

void or his term of imprisonment has expired, he is not entitled to immediate release. <u>Passarella</u>, 891 S.W.2d at 627-28.

The petitioner contends that his twelve (12) year sentence for facilitation of aggravated robbery, a Class C felony, is illegal because it falls outside the range for a multiple offender. This issue has already been determined by this Court on remand from the Tennessee Supreme Court. As stated previously, this Court determined that the sentence was not illegal because it was imposed pursuant to an agreement between the petitioner and the State. <u>Waters</u>, 2003 WL 141087, at *4. The face of the judgment herein reflects that the petitioner waived a sentencing hearing and agreed to be sentenced as a Range II multiple offender to twelve (12) years in the Department of Correction for facilitation of aggravated robbery. The petitioner has failed to show that his judgment is void or that his sentence has expired.

Rule 20, Rules of the Court of Criminal Appeals provides <u>inter</u> <u>alia</u>:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20, and we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE