# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## CUMECUS R. CATES, SR. v. RICKY BELL, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 3596     Seth W. Norman, Judge**

---

**No. M2005-00645-CCA-R3-HC - Filed August 10, 2005**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner, Cumecus R. Cates, has appealed the trial court's order summarily dismissing his petition for the writ of habeas corpus. In that petition, the petitioner sought a writ of habeas corpus to release him from various sentences. We are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Cumecus R. Cates, Sr., Pro Se, Petros, Tennessee

Paul G. Summers, Attorney General & Reporter; David Edward Coenen, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On September 28, 2000, in Knox County, the petitioner pled guilty to two (2) counts of possession of more than .5 grams of cocaine with the intent to sell (case numbers 68311 and 68827) and two (2) counts of possession of less than .5 grams of cocaine with the intent to sell (case numbers 68366 and 68367). As a result of the pleas, the trial court sentenced the petitioner to eight (8) years for each conviction of possession of more than .5 grams of cocaine with the intent to sell and three (3) years for each conviction of possession of less than .5 grams of cocaine with the intent to sell. The trial court ordered that the three (3) year sentence in case number 68367 be served

concurrently with the eight (8) year sentence in case number 69927, ordered the eight (8) year sentence in case number 68827 to be served consecutively to the eight (8) year sentence in case number 68311, and ordered the three (3) year sentence in case number 68366 to be served concurrently with the eight (8) year sentence in case number 68311, for an effective sentence of sixteen (16) years. Subsequently, on February 26, 2002, in Sullivan County, the petitioner pled guilty to possession of more than twenty-six (26) grams of cocaine for resale in case number S43198, count fifteen (15), and criminal conspiracy to possess more than twenty-six (26) grams of cocaine for resale in case number S43198, count 16. The trial court sentenced the petitioner to nine (9) years for each conviction and ordered that the sentences be served concurrently with each other and the last five (5) years of case number 68827, but consecutive to his previous sentence.

On December 1, 2004, the petitioner filed a petition for writ of habeas corpus, attacking his two (2) convictions for possession of more than twenty-six (26) grams of cocaine for resale and criminal conspiracy to possess more than twenty-six (26) grams of cocaine. On December 9, 2004, the petitioner filed a second petition for writ of habeas corpus, attacking his two (2) convictions for possession of more than .5 grams of cocaine with the intent to sell or deliver and his two (2) convictions for possession of less than .5 grams of cocaine with the intent to sell or deliver. In both petitions, the petitioner alleged that he pled guilty to an illegal sentence because he was on bond when he was charged with the drug offenses.[1]

The trial court dismissed both petitions, finding that the petitioner's claims did not merit habeas corpus relief and that the petitioner failed to comply with the requirements for a writ of habeas corpus. The petitioner appealed.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v.

---

[1] The State claims that they did not receive copies of the first two (2) petitions for writ of habeas corpus, but that they received another petition from the petitioner on December 22, 2004, which contained allegations pertaining to convictions that were not addressed in the two (2) petitions that appear in the technical record.

Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If the petitioner fails to establish that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella, 891 S.W.2d at 627-28.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 15, 19-20 (Tenn. 2004); Archer, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
> (b) The petition shall state:
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
> (4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.

Tenn. Code Ann. § 29-21-107. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." Hickman, 153 S.W.3d at 21.

The petitioner herein failed to adhere to the mandatory requirements for habeas corpus petitions under Tennessee Code Annotated section 29-21-107. The petitioner falsely stated that "this is the petitioner's first application for habeas corpus relief," when he had previously filed at least three (3) other habeas corpus petitions. The petitioner filed a petition for writ of habeas corpus on October 25, 2004 in Knox County, filed a second petition on March 27, 2004 in Davidson County, and filed a third petition in Davidson County in December of 2004. The petitioner also failed to attach copies of the previous petitions and the orders dismissing them, and failed to give satisfactory reasons for failing to comply with the mandates of section 29-21-107. The trial court was within its

jurisdiction to dismiss the habeas corpus petition due to the petitioner's failure to comply with the mandatory procedural requirements. This issue is without merit.[2]

Rule 20, Rules of the Court of Criminal Appeals provides <u>inter</u> <u>alia</u>:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
>
> > The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

---

[2]We note that while an allegation in a <u>pro se</u> habeas corpus petition that offenses were committed while on bond and therefore not subject to consecutive sentencing may be the subject of a habeas corpus petition, the petitioner's failure to comply with the mandatory procedural requirements herein justifies dismissal of the petition. <u>See</u> <u>McLaney v. Bell</u>, 59 S.W.3d 90 (Tenn. 2001).