# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 12, 2005

## DAMION CARRICK V. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. C04-CR-8632     R. Lee Moore, Jr., Judge**

---

**No. W2005-00312-CCA-R3-HC  - Filed August 16, 2005**

---

The petitioner, Damion Carrick, appeals the trial court's order summarily dismissing his petition for habeas corpus relief. In that petition, the petitioner sought a writ of habeas corpus to release him from his sentences for two (2) counts of especially aggravated robbery based on the United States Supreme Court decision in <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004). We are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Patrick McGill, Dyersburg, Tennessee, for the apellant, Damion Carrick.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was convicted by a jury of two (2) counts of especially aggravated robbery for attacking a ninety-one-year-old woman. As a result, he was sentenced to concurrent twenty-five (25) year terms at one hundred percent (100%). In sentencing the petitioner, the trial court relied on six (6) enhancement factors: (1) the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) the particular vulnerability of the victim; (3) the defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense; (4) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community;

(5) the defendant had no hesitation about committing a crime when the risk to human life was high; and (6) the defendant willfully inflicted bodily injury upon another person. Tenn. Code Ann. § 40-35-114. His convictions were affirmed on direct appeal. See State v. Damion Carrick, No. W1998-006655-CCA-R3-CD, 2000 WL 674701 (Tenn. Crim. App., at Jackson, Dec. 11, 2000) (not for citation).

Subsequently, the petitioner filed a petition for habeas corpus relief alleging that his judgment was void because the application of some of the enhancement factors in question violated Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). The trial court dismissed the petition, finding that the petition did not warrant habeas corpus relief because the violations of Blakely rendered the petitioner's sentences voidable rather than void. The petitioner filed a timely notice of appeal.

Analysis

On appeal, the petitioner contends that "he is entitled to relief under the Sixth Amendment because his sentence is void as a result of it being improperly increased [in violation of Blakely] when the trial court found the above-listed enhancement factors." The State argues that the violation of Blakely renders the petitioner's sentence voidable, rather than void, and not subject to habeas corpus relief.[1]

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If the petitioner fails to establish that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella, 891 S.W.2d at 627-28.

---

[1]The State also states in its brief that the petitioner argues that "the consideration of enhancement factors that were never originally presented in the indictment rendered the indictment void and thus deprived the trial court of jurisdiction over the case." We are unable to locate this argument in the petitioner's brief.

Despite his argument to the contrary, the petitioner acknowledges that the Tennessee Supreme Court recently determined that Blakely did not announce a new rule of law and that "the Tennessee Criminal Sentencing Reform Act does not authorize a sentencing procedure which violated the Sixth Amendment right to jury trial." State v. Gomez, 163 S.W.3d 632, 651 (Tenn. 2005). In Gomez, the court determined that despite the ability of trial judges to set sentences above the presumptive sentence based on the finding of enhancement factors neither found by a jury or admitted by a defendant, Tennessee's sentencing structure does not violate the Sixth Amendment and does not conflict with the holdings of Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004), United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005), or United States v. FanFan, the case consolidated with Booker, because "[t]he Reform Act [of Tennessee] authorizes a discretionary, non-mandatory sentencing procedure and requires trial judges to consider the principles of sentencing and to engage in a qualitative analysis of enhancement and mitigating factors . . . all of which serve to guide trial judges in exercising their discretion to select an appropriate sentence within the range set by the Legislature." Gomez, 163 S.W.3d at 661. As a result of the decision in Gomez, the petitioner's issue is without merit.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.

We determine that this case meets the criteria of the above-quoted rule and, therefore, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE