IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 27, 2005

## TYRONE D. CONLEY v. HOWARD CARLTON

**Appeal from the Criminal Court for Johnson County**
**No. 4497   Lynn W. Brown, Judge**

---

**No. E2005-00049-CCA-R3-HC - Filed November 2, 2005**

---

The petitioner pled guilty to second degree murder on November 14, 1997. The trial court sentenced the petitioner on the same day to twenty years to be served as a Range I, standard offender with a release eligibility of thirty percent. On July 27, 1999, the trial court amended the judgment stating that the petitioner's release eligibility would be one hundred percent with credit given for time served up to fifteen percent of his sentence. The petitioner filed a petition for habeas corpus relief on October 12, 2004. On November 15, 2004, the habeas court summarily dismissed the petitioner's petition. The petitioner appealed this decision. We affirm the decision of the habeas court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined and JOSEPH M. TIPTON, J. filed a separate concurring opinion.

Tyrone D. Conley, Pro Se, Mountain City, Tennessee.

Paul G. Summers, Attorney General and Reporter; Brian C. Johnson, Assistant Attorney General; and Joe Crumley, District Attorney General; and Michelle Chapman McIntire, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 14, 1997, the petitioner pled guilty to second degree murder in Washington County. The trial court entered a judgment sentencing the petitioner to twenty years in the Tennessee Department of Correction as Range I, standard offender with release eligibility after service of thirty percent. On July 27, 1999, the trial court entered an amended judgment altering the petitioner's release eligibility after service of one hundred percent "with maximum 15% credit for good and honor time prior to parole eligibility." The petitioner never filed a petition for post-conviction relief for either judgment.

On October 12, 2004, the petitioner filed a petition for a writ of habeas corpus in the Criminal Court for Johnson County. The State filed a motion to dismiss the petition on November 8, 2004. Also on November 8, 2004, the trial court entered an order summarily dismissing this petition. On December 8, 2004, the petitioner filed two motions, one asking the trial court to reconsider the dismissal and one asking for the trial court's recusal. The trial court did not file any orders in response to the petitioner's two motions. The petitioner later filed a notice of appeal on December 17, 2004.

On February 25, 2005, the State filed a motion for affirmance of the trial court's denial of the habeas corpus petition based on Rule 20 of the Tennessee Court of Criminal Appeals Rules. This court issued an order denying the State's motion under Rule 20. We now review the trial court's denial of the petition on the merits.

## ANALYSIS

We initially note that the petitioner's notice of appeal in the trial court was filed outside the time to file a notice of appeal as of right from the trial court's denial of the petition for habeas corpus. Under Rule 4 of the Tennessee Rules of Appellate Procedure, a party who wishes to appeal from a trial court's judgment under Rule 3 of the Tennessee Rules of Appellate Procedure must file a notice of appeal within thirty days of the judgment from which they are appealing. In this case, the habeas court filed its order on November 8, 2004, but the petitioner did not file his notice of appeal until December 17, 2004. However, because this Court has already denied the State's motion for affirmance under Rule 20, we now turn to the question of whether the habeas court properly dismissed the petitioner's habeas corpus petition.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If the petitioner fails to establish that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella, 891 S.W.2d at 627-28.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 15, 19-20 (Tenn. 2004); Archer, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
> (b) The petition shall state:
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
> (4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.

Tenn. Code Ann. § 29-21-107. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." Hickman, 153 S.W.3d at 21.

The petitioner argues that he is entitled to relief pursuant to his habeas corpus petition because the trial court entered an amended judgment increasing his release eligibility from thirty percent to one hundred percent. On appeal the petitioner argues that the trial court was ineligible to hear his habeas corpus petition because the trial judge was without authority to dismiss his petition. The petitioner cites Tennessee Code Annotated section 17-1-117 and Tennessee Code Annotated section 40-30-103(b) to support this argument. However, as the State points out, Tennessee Code Annotated section 17-1-117 does not exist and, at present, there is no section (b) of Tennessee Code Annotated section 40-30-103. In addition, the caselaw cited by the petitioner does not support his position. More importantly, the petitioner did not file a motion for the trial judge to recuse himself until after the trial judge had filed the order dismissing the habeas corpus petition. A petitioner should timely object to a judge's hearing of his case. See Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997).

For these reasons, this issue is without merit.

The petitioner's next argument is that the trial court erred in entering an amended judgment twenty months after the original judgment was final. The State argues that the petitioner's petition

should be dismissed because it does not meet all the procedural requirements included in Tennessee Code Annotated section 29-21-107. In the alternative, the State argues that under Rule 36 of the Tennessee Rules of Criminal Procedure, a trial court is allowed to correct a clerical error at any time.

The State argues that the petitioner has failed to meet the requirements under Tennessee Code Annotated section 29-21-107 because the petition was not verified by an affidavit and that the petitioner "failed to provide whether the legality of the restraint had already been adjudged upon a prior proceeding of the same character." We have reviewed the record and find that the State is correct. The petition is missing both an affidavit verifying the petition as well as a statement as to whether the petitioner has filed a similar action to review his imprisonment. Under Tennessee Code Annotated section 29-21-107, these missing requirements are enough in themselves to support the dismissal of the petitioner's petition.

For these reasons, the petitioner's issue is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the order of the habeas court dismissing the petitioner's petition for habeas corpus relief.

_____
JERRY L. SMITH, JUDGE