# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

**JAMES L. MOORE v. KEVIN MYERS, WARDEN**

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13753    Robert Holloway, Judge**

---

**No. M2005-01855-CCA-R3-HC - Filed December 16, 2005**

---

Petitioner, James L. Moore, has appealed from the trial court's summary dismissal of the petition for writ of habeas corpus filed by Petitioner. The State has filed a motion, pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals, for affirmance of the trial court's judgment. Petitioner opposes the motion. After a thorough review of the record, we grant the State's motion and accordingly affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

James L. Moore, Clifton, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; and T. Michel Bottoms, District Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

On June 2, 1993, Petitioner pled guilty to first degree murder in Case No. 27230 in the Circuit Court of Rutherford County. The plea was entered pursuant to a negotiated plea agreement and Petitioner received a sentence of life imprisonment. The judgment erroneously designated that Petitioner was being sentenced as a "Standard 30% Range 1" offender. This was caused by the wrong box being checked on the judgment. The judgment should have had the "1ˢᵗ Degree Murder" box checked instead.

Apparently, the Department of Correction would not honor that portion of the judgment which reflected that Petitioner was a "Standard 30% Range 1" offender. Accordingly, Petitioner filed a complaint seeking declaratory judgment in the Chancery Court of Davidson County, requesting that the court order the Department of Correction to maintain in its records that Petitioner's parole release eligibility would be as a "Standard 30% Range 1" offender.

Subsequently, on October 18, 1999, the Circuit Court of Rutherford County entered an amended judgment in Case No. 27230, Petitioner's first degree murder case, and the amended judgment correctly reflected that Petitioner was sentenced pursuant to the Sentence Reform Act of 1989 for a conviction of 1st Degree Murder, rather than the incorrect designation of being sentenced as a "Standard 30% Range 1" offender.

The Chancery Court of Davidson County subsequently dismissed, with prejudice, Petitioner's complaint for declaratory judgment. According to Petitioner in this appeal, neither party appealed from the Chancery Court's judgment. On April 15, 2005, Petitioner filed the "Petition for Writ of Habeas Corpus" which is the subject of this appeal. In his petition for writ of habeas corpus, Petitioner alleges that the original judgment entered in June 1993 was null and void by being in direct contravention of Tennessee Code Annotated section 40-35-501(h)(1) (2001). He also alleges that he is entitled to relief because the Circuit Court of Rutherford County lacked jurisdiction to amend the judgment after it became final, and that the writ of habeas corpus is an appropriate remedy for a review for "such a jurisdictional defect in an illegal judgment."

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. However, it is well-established law that the remedy of habeas corpus is limited in both scope and relief. *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The Tennessee Supreme Court has explained the very limited scope of habeas corpus relief in Tennessee as follows:

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (citation omitted). Additionally, this Court has stated:

> If the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief.

*Passeralla v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in *State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).. The burden is on the petitioner to establish by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired.

*State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964); *Passerella*, 891 S.W.2d at 627.

A trial court is not required as a matter of law to grant the writ and conduct an inquiry into the allegations contained in the petition. Tenn. Code Ann. § 29-21-109. If the petition fails on its face to state a cognizable claim for writ of habeas corpus, then the trial court may summarily dismiss the petition. *See State ex. Rel. Byrd v. Bomar*, 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (1964). Under Tenn. Code Ann. § 29-21-109, "[i]f from the showing of the defendant, the plaintiff would not be entitled to any relief, the writ may be refused."

In a criminal case, a judgment in direct contravention of the expressed provisions of a statute is an illegal judgment and consequently, a nullity. *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978). In *Burkhart*, our supreme court further stated that "[a]s a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence, at any time, even if it has become final." *Id*. Included within the technical record of this case is a transcript of the guilty plea proceedings. The Petitioner clearly stated on the record during the guilty plea submission hearing, that he correctly understood that he would have to serve sixty (60%) percent of the sentence before becoming eligible for parole rather than thirty (30%) percent as a Standard, Range I offender. Therefore, the situation in Petitioner's case is not that he pled guilty under a misconception of the law. Obviously, this was a clerical error, which can be corrected at any time. The Circuit Court of Rutherford County properly filed an amended judgment which corrected the clerical error. The judgment under which Petitioner is now sentenced is not void, and the sentence has not expired. Accordingly, the trial court properly dismissed his petition for habeas corpus relief. Petitioner is not entitled to relief in this appeal.

## CONCLUSION

The judgment rendered in this matter was in a proceeding before the trial court without a jury, the judgment was not a determination of guilt, and the evidence in the record does not preponderate against the findings of the trial court. No error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE