# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## LEE A. ALDERSON V. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-A-332    Monte Watkins, Judge**

---

**No. M2005-01763-CCA-R3-HC - Filed January 17, 2006**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner has appealed the trial court's order summarily dismissing the petition for the writ of habeas corpus. In that petition, the petitioner alleges that his judgment was void and that his sentence was illegal. Upon a review of the record in this case we are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Lee A. Alderson, Pro Se, Nashville, Tennessee.

Paul G. Summers, Attorney General & Reporter; Christopher Daniel Lins, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On August 2, 2002, the petitioner pled guilty to one count of domestic assault, a Class A misdemeanor. As a result, he was sentenced as a Range I standard offender to nine months incarceration with a thirty percent release eligibility.

Subsequently, the petitioner filed a pro se petition for post-conviction relief, alleging that his judgment was void because the judgment form was not signed by the judge and that the sentence imposed on him was illegal because the judgment form stated "no period of incarceration to be

served prior to release on probation." The petitioner argued that this statement on the judgment form meant that the sentence should run concurrently rather than consecutively to a previous sentence for a parole violation. The trial court dismissed the petition, determining that the challenged judgment was not void. The trial court determined that the form was signed by the judge and specifically stated that the nine-month sentence was to be served consecutively to the sentence for the parole violation. The petitioner filed a timely notice of appeal.

On appeal, the petitioner again contends that he is entitled to habeas corpus relief because the judgment form states "no period of incarceration to be served prior to release on probation," and that his domestic assault sentence should have run concurrently with his sentence for the parole violation. He also argues that the trial court should have construed his petition for writ of habeas corpus as a petition for post-conviction relief.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If the petitioner fails to establish that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella, 891 S.W.2d at 627-28.

"A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999)).

Further, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 15, 19-20 (Tenn. 2004); Archer, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.

Tenn. Code Ann. § 29-21-107. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements . . . ." Hickman, 153 S.W.3d at 21.

First, we note that the petitioner herein failed to adhere to the mandatory requirements for habeas corpus petitions under Tennessee Code Annotated section 29-21-107. The petitioner failed to state that this is the first application for habeas corpus relief, failed to state whether the legality of his restraint had already been adjudged upon a prior proceeding of the same character and did not give satisfactory reasons for failing to comply with the mandates of section 29-21-107. Furthermore, the original, signed judgment form clearly states that the sentence for domestic assault is to run "Consecutive to: Parole Violation" and lists the sentence length as "9 months @ 30%."[1]

Lastly, the petition for writ of habeas corpus could not have been considered as a petition for post-conviction relief as it was filed outside the statute of limitations for such relief. The judgment

---

[1] The technical record before this Court contains two judgment forms: the original signed judgment form that is a form filled in by hand and what appears to be an electronic version of the judgment form filled in either using a computer or typewriter. On the electronic version, in the box for the sentence, the following appears under the heading "Sentence Length:"

Years:__  Months: 9  Days:__  Hours:__  Week Ends:__  Periodic: __
Mandatory Minimum Sentence: (applicable to T.C.A. 39-17-417, 39-13-513 and 39-13-514 in School Zone): NO
Period of Incarceration to be Served Prior to Release on Probation  (Misdemeanor Only).

The electronic version also indicates that the sentence is to be served consecutive to "parole violation." We fail to see any substantive difference in the electronic version of the judgment form and the original version of the judgment form.

in the petitioner's case was entered on August 2, 2002, and the petitioner did not file his petition until May 12, 2005, well outside the one-year statute of limitations for post-conviction proceedings. See Tenn. Code Ann. § 40-30-102(a). The petitioner argues that due process considerations should be sufficient to allow him to circumvent the statute of limitations. We disagree. The petitioner has presented no evidence that any of the three statutory exceptions to the limitations period appearing in Tennessee Code Annotated section 40-30-102(b) should apply.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
>
> The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the trial court.

JERRY L. SMITH, JUDGE