IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2008

## REGINALD DION HUGHES v. TONY PARKER, WARDEN
## (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6170     Joseph H. Walker, Judge**

**No. W2007-02022CCA-R3-HC  - Filed April 14, 2008**

The petitioner, Reginald Dion Hughes,[1] appeals the circuit court's order summarily dismissing his pro se petition for writ of habeas corpus. Following our review of the record and applicable law, we affirm the court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN GLENN, JJ., joined.

Reginald Dion Hughes, Pro Se, W.T.S.P., Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 8, 1987, the petitioner was convicted of two counts of second-degree murder. For these convictions, the petitioner was sentenced to two consecutive terms of thirty years as a Range I, standard offender. His convictions and sentences were affirmed on direct appeal. *See State v. Reginald Dion Hughes*, No. 96, 1988 WL 132698 (Tenn. Crim. App., at Jackson, Dec. 14, 1988), *perm. app. denied* (Tenn. Apr. 3, 1989). The petitioner unsuccessfully sought post-conviction relief. *See Reginald Dion Hughes v. State*, No. 02C01-9201-CR-00005, 1992 WL 368651 (Tenn. Crim. App., at Jackson, Dec. 16, 1992), *perm. app. denied* (Tenn. May 3, 1993). The petitioner was also unsuccessful in seeking relief in the form of writ of habeas corpus. *See Reginald D. Hughes v. David Mills, Warden*, No. W2003-02486-CCA-R3-HC, 2004 WL 547010 (Tenn. Crim. App., at Jackson, Mar. 19, 2004), *perm. app. denied* (Tenn. Aug. 30, 2004).

---

[1] This opinion reflects the petitioner's full name, Reginald Dion Hughes, as used in his application for habeas corpus relief rather than the abbreviated version, Reginald D. Hughes.

The petitioner, proceeding pro se, filed his second petition for writ of habeas corpus on August 13, 2007. The petitioner alleged that his consecutive thirty-year terms were illegal and void because the court lacked authority to order his sentences to run consecutively. On August 21, 2007, the circuit court, by order, found that the petitioner had previously sought relief via direct appeal, post-conviction petition, and petition for writ of habeas corpus. The circuit court further found that the trial court had jurisdiction to sentence the petitioner, and the petitioner's sentences were not expired. The court then dismissed the petition. It is from the court's order of dismissal that the petitioner now appeals.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief without the appointment of counsel and without an evidentiary hearing if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

In the instant appeal, the petitioner challenges the circuit court's dismissal of his second petition for writ of habeas corpus. The petitioner first contends that the court erred in not appointing counsel and not holding a hearing to explore the merits of his petition. However, the petitioner fails to cite legal authority or present argument in support of his contention. Nonetheless, as previously indicated, a court may properly dismiss a petition for habeas corpus relief without appointment of counsel and without a hearing when the allegations in the petition do not demonstrate that the judgment is void or the sentence expired. *See, e.g., Summers*, 212 S.W.3d at 260; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964).

The petitioner next contends that his sentence has expired and the trial court lacked authority to impose consecutive sentencing. The petitioner argues that "sure the sentencing court may have had jurisdiction but that [fact] did not circumvent or annul the need of appropriate 'authority' to impose consecutive sentencing."

Upon review, we note that the petitioner's judgments of conviction show that he was sentenced to two consecutive terms of thirty years as a Range I, standard offender on November 12, 1987. As such, the petitioner has not demonstrated by a preponderance of evidence that his effective sixty-year sentence has expired. We also note that the petitioner failed to include the sentencing hearing transcript. As our supreme court explained:

> In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

*Summers*, 212 S.W.3d at 261. In addition, the petitioner's brief is devoid of any argument as to why the court was without authority to impose consecutive sentencing. Furthermore, the petitioner challenged the propriety of his consecutive sentences on direct appeal wherein this court determined that "the imposition of consecutive sentences [was] appropriate." *State v. Reginald Dion Hughes*, 1988 WL 132698, at *3. Therefore, there is nothing on the face of the judgment, or in the record of the underlying proceedings that indicates the convicting court was without jurisdiction to sentence the petitioner or that the petitioner's sentence has expired. As a result, the circuit court's summary dismissal of the petitioner's habeas corpus petition was proper.

For the reasons stated herein, we conclude that the circuit court did not err by summarily dismissing the habeas corpus petition. The judgment is affirmed.

_____
J.C. McLIN, JUDGE