IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2010

## RICKY LYNN HILL v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Chester County**
**No. 07-444      Roy B. Morgan, Jr., Judge**

---

**No. W2010-01374-CCA-R3-HC  - Filed December 13, 2010**

---

On August 18, 2008, the petitioner, Ricky Lynn Hill, pled guilty to DUI, leaving the scene of an accident, and attempted tampering with evidence; he also pled *nolo contendere* to vehicular assault. After holding that the petitioner could not be convicted of DUI for double jeopardy reasons, the circuit court sentenced the petitioner to an effective sentence of five years, eleven months, and twenty-nine days. The petitioner subsequently filed a petition for habeas corpus relief. The petitioner now appeals the judgment of the Chester County Circuit Court dismissing his petition for habeas corpus relief. After review, we affirm the judgment denying habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Ricky Lynn Hill, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Background

The petitioner, Ricky Lynn Hill, appeals the circuit court's order summarily dismissing his petition for writ of habeas corpus. Following our review of the record and the applicable law, we affirm the court's order.

On August 18, 2008, the petitioner, Ricky Lynn Hill, entered guilty pleas to DUI, leaving the scene of an accident, and attempted tampering with evidence; he also pleaded *nolo contendere* to vehicular assault. On May 21, 2009, the circuit court held that the petitioner could not be convicted of both DUI and vehicular assault because DUI is a lesser-included offense of vehicular assault. The DUI guilty plea was subsequently dismissed. On June 9, 2009, the trial court imposed upon the petitioner a sentence of two years for the vehicular assault, three years for the attempted tampering with evidence, and eleven months twenty-nine days for leaving the scene of an accident, all running consecutive, leaving petitioner with a total sentence of five years, eleven months, and twenty-nine days.

On October 5, 2009, the petitioner filed his first petition for sentence reduction and habeas corpus relief. On May 17, 2010, the petitioner filed a second petition for writ of habeas corpus. On May 20, 2010 the circuit court denied habeas corpus relief because the petitioner filed his petition in the wrong venue and he failed to state a cognizable claim for relief. The petitioner filed a notice of appeal on June 22, 2010.

**Analysis**

Article I, section 15 of the Tennessee constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State,* 891 S.W.2d 619 (Tenn. 1994), *superceded*

*by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492 (Tenn. Crim. App., at Jackson, March 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Hickman v. State*, 153 S.W.3d 16, 19-20 (Tenn. 2004); *Archer*, 851 S.W.2d at 165. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory requirements." *Hickman*, 153 S.W.3d at 21.

In this case, the petitioner did not follow the procedural requirements for habeas corpus relief. Under Tennessee Code Annotated section 29-21-105, the application for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." The petitioner filed his petition in Chester County rather than in Lake County, where the petitioner is housed. The trial court held that the petitioner had been advised as to the proper venue in which to file his petition and that the petitioner intentionally and knowingly filed his petition in the wrong venue. The petitioner has not argued any reason to file in the Chester County Circuit Court. The petitioner has failed to comply with Tennessee Code Annotated section 29-21-105, and this alone is an adequate basis for the trial court to dismiss his petition. *See Alphonso Bradford v. State*, No. M2008-0137-CCA-R3-HC, 2008 WL 5191307 (Tenn. Crim. App., at Nashville, Dec. 10, 2008), *perm. to appeal denied* (Tenn. Apr. 27, 2009).

Further, the petitioner has failed to state a cognizable claim for habeas corpus relief. The petitioner argues that his plea was involuntary and unknowing. However, the involuntary entry of a guilty plea is not a cognizable issue for relief under habeas corpus because it would render the judgment merely voidable as opposed to void as is required to obtain habeas corpus relief. *Archer*, 851 S.W.2d at 163.

For the reasons stated herein, we conclude that the petitioner not only failed to comply with the procedural requirements for habeas corpus relief, but also failed to state a cognizable claim for habeas corpus relief. Therefore, the circuit court's order summarily dismissing the petition for habeas corpus relief is affirmed.

 

 

_____
J.C. McLIN, JUDGE