IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2010

**YOUNG BOK SONG v. HOWARD CARLTON, WARDEN**

**Direct Appeal from the Criminal Court for Johnson County**
**No. 5362      Robert E. Cupp, Judge**

**No. E2009-01299-CCA-R3-HC - Filed March 16, 2011**

The petitioner, Young Bok Song, appeals from the trial court's summary dismissal of his petition for writ of habeas corpus. The petitioner alleges that he was denied the opportunity to contact the Korean Consulate General in violation of Article 36 of the Vienna Treaty; therefore, he asserts that his judgments of conviction for seven counts of rape of a child and four counts of aggravated sexual battery are void. We conclude that the petition fails to state a cognizable claim, and, therefore, the petition is a proper subject for summary dismissal. The judgment from the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and D. KELLY THOMAS, JR. JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the appellant, Young Bok Song.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; and Anthony Wade Clark, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was convicted in 2004, on seven counts of rape of a child, in violation of Tennessee Code Annotated section 39-13-502, and on four counts of aggravated sexual battery, in violation of Tennessee Code Annotated section 39-13-504, by a jury in Davidson County, Tennessee. These convictions were upheld on direct appeal. *State v. Song*, No. M2004-02885-CCA-R3-CD (Tenn. Crim. App., at Nashville, Nov. 4, 2005). The petitioner later sought post-conviction relief, which was denied. *Song v. State*, M2007-00404-CCA-R3-PC (Tenn. Crim. App., at Nashville, Mar. 4, 2008). Now, he seeks to have the summary dismissal of his petition for habeas corpus overturned by this court.

Analysis

The determination of whether habeas corpus relief is proper is a question of law, subject to *de novo* review on appeal, without a presumption of correctness given to the findings of the lower court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000); *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006)). "Habeas corpus relief is available in Tennessee 'only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id*. (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

"[A] habeas corpus petition is used to challenge void and not merely voidable judgments." *Summers*, 212 S.W.3d at 255-56. "A void judgment is one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id*. at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). On the other hand, a "voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id*. "The petitioner has the burden of establishing by a preponderance of the evidence that his judgment is void or that his term of imprisonment has expired." *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). "If the petitioner establishes by a preponderance of the evidence that his conviction is void or that his term of imprisonment has expired, he is entitled to immediate release." *Id*.

A trial court is not required, as a matter of law, to grant the writ or conduct an inquiry into the allegations contained in the petition. T.C.A. § 29-21-109 (2006). If the petition fails on its face to state a cognizable claim, it may be summarily dismissed by the trial court. *State ex. Rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964); *see also* T.C.A. § 29-21-109. "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused." T.C.A. § 29-21-109.

Here, the petitioner contends that he made a request to contact the Korean Consulate General in Atlanta, Georgia, and was denied this request. The petitioner requests that we reverse the summary dismissal by the trial court and remand this cause for a hearing on the merits. The State contends that the summary dismissal was appropriate and asks that we uphold the judgment from the trial court.

We began, as we believe the trial court did, by accepting as true the allegations contained in the petition for writ of habeas corpus that the petitioner did, in fact, make a request to his holding authorities to be allowed to contact the Korean Consulate General in

Atlanta, Georgia. We acknowledge that such a denial is a violation of Article 36 (1)(b) of the Vienna Treaty. However, declaring his convictions void is not an appropriate remedy. The Vienna Treaty does not create individual rights, and the petitioner cited to no authority where any country remedies violations of the Vienna Convention through its criminal justice system. *See U.S. v. Li*, 206 F.3d 56 (1st Cir. 2000). We believe the State to be correct when it argues that the treaty does not discuss a prisoner's rights to consular relations after they have been arrested, tried, and convicted. *See* Vienna Convention on Consular Relations, Arp. 24, 1963, Art. 36, 21 U.S.T. 77. As such, we conclude that the petitioner's allegations of a violation of the Vienna Treaty are not cognizable claims under the habeas corpus statutes of the State of Tennessee.

## CONCLUSION

The trial court was correct to summarily dismiss the petitioner's petition for habeas corpus relief, as no cognizable claim was presented.

_____
JOHN EVERETT WILLIAMS, JUDGE