IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 17, 2013

**JEFFERY MILLER v. JEWELL STEELE, WARDEN**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 4422      Mark J. Fishburn, Judge**

**No. M2012-01628-CCA-R3-HC - Filed July 24, 2013**

Petitioner, Jeffery Miller, appeals from the trial court's summary dismissal of Petitioner's petition for writ of habeas corpus. After reviewing the record and the parties' briefs we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, Jr. and JEFFREY S. BIVINS, JJ., joined.

F. Michie Gibson, Jr., Nashville, Tennessee, for the appellant, Jeffery Miller.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Amy Tarkington, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The October, 1996 term of the Montgomery County Grand Jury returned an indictment that charged Petitioner with first degree murder. The indictment alleged in pertinent part that

> on or about the 1st day of September, 1996, and in the State and County aforesaid, [Petitioner] unlawfully, feloniously, knowingly, intentionally, **deliberately** and with premeditation did kill Joshua Kelley, by use of a deadly weapon, *to-wit*: a firearm, in violation of TCA 39-13-202(a)(1) and against the peace and dignity of the State of Tennessee.

(Emphasis added).

On April 28, 1997, the day the trial began, the State made a motion to amend the indictment to delete the word "deliberately." This motion was granted. The trial court's docket sheet for that day notes the motion and disposition, but does not state whether Petitioner had an objection to the amendment, no objection, or if he joined in the motion. The trial court's minute entry provides no additional information. The jury was unable to reach a verdict and a mistrial was declared. At the subsequent trial, Petitioner was convicted as charged. This court affirmed the conviction on direct appeal. *State v. Jeffery Miller*, No. 01C01-9801-CC-00029, 1999 WL 398188 (Tenn. Crim. App. June 18, 1999), *perm. app. denied* (Tenn. Nov. 22, 1999).

The petition which is the subject of this appeal was filed December 2, 2011. In the petition, it is alleged that the sentence is an illegal, void sentence. Petitioner first alleged that the sentence was the result of a defective indictment, because "the indictment fails to allege all the essential elements of [first degree murder]." Specifically, Petitioner asserts that the State's motion to amend the indictment, which resulted in the word "deliberately" being deleted, resulted in an "essential element" of first degree murder being removed from the indictment. The main thrust of the petition for habeas corpus relief is that without the essential element of "deliberation" the indictment was "nullified" because thereafter the indictment failed to allege a criminal offense, and the conviction was thus void. As an added allegation, or perhaps as an alternative theory for relief, Petitioner added the following assertion at the conclusion of the factual allegations in the petition:

> The trial court impermissibly amended the indictment after jeopardy had attached to broaden the charge that was returned by the Grand Jury, and as such, the amendment did not provide the petitioner with timely notice of the charges to assert an adequate defense.

Thus Petitioner asserted that the amendment to the indictment either (1) resulted in the indictment not charging a criminal offense, or (2) broadened the "charge that was returned by the Grand Jury." Although Petitioner alleges the indictment was amended after jeopardy had attached, he does not allege, and none of the documents filed with the petition indicate, if the jury in the first trial had been selected and sworn prior to the amendment to the indictment. In any event, it is abundantly clear from the record that the indictment was amended prior to jeopardy attaching by the process of swearing of the jury in the second trial, which is the jury which convicted Petitioner.

The State asserts the appeal should be dismissed because Petitioner's notice of appeal was not timely filed within thirty days after the entry of the trial court's order dismissing the petition. The trial court's order was entered on January 5, 2012, and the notice of appeal was filed approximately six months later on July 10, 2012. The petition was filed *pro se*, and

Petitioner retained counsel who filed the late notice of appeal. Subsequently, counsel filed a motion for this court to waive the timely filing of the notice of appeal. In support thereof, Petitioner's affidavit, filed with the motion, stated that he never received a copy of, or other notice of, the order dismissing his petition. Tennessee Rule of Appellate Procedure 4(a) provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." We exercise our discretion in this case and waive the timely filing of the notice of appeal. We note that while the order dismissing the petition provides at the end thereof, "cc: Mr. Jeffery Miller, Petitioner," there is no certificate of service on the order, and thus no signature of any person proving that a copy of the order was sent to Petitioner in compliance with the "cc:."

As to the merits of the case, we conclude that Petitioner is not entitled to relief in this appeal. The offense occurred on September 1, *1996*. *Jeffery Miller*, 1999 WL 398188 at *1. In 1995, well prior to the commission of the offense in this case, "deliberately" was deleted as a necessary element of first degree murder. *See* Tennessee Public Acts 1995, ch. 460, effective July 1, 1995. Accordingly, the indictment was proper.

As to Petitioner's assertion that "the amendment did not provide the petitioner with timely notice of the charges to assert an adequate defense," even if this allegation had merit, which it does not, it would only make the judgment of conviction merely voidable, and *not void*.

It is well settled law that a conviction which may be merely voidable, but not void, is not reviewable in a habeas corpus proceeding. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment is one which shows on the face of the record a lack of jurisdiction by the trial court over the person, the subject matter of the case, the issue to be decided, or the relief to be granted. *See Cantrell v. Easterling*, 346 S.W.3d 445, 453-54 (Tenn. 2011). In a habeas corpus proceeding the term "jurisdiction" is synonymous with "authority." *Id*., at 454.

A judgment which may be merely *voidable* is facially valid and requires additional proof beyond the face of the judgment or record to establish its alleged invalidity, i.e., alleged failure to give proper notice. *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007). If the petition for habeas corpus relief fails on its face to state a cognizable claim, the trial court may summarily dismiss the petition. *State ex. rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (1964). Petitioner is not entitled to relief in this appeal. Accordingly, the judgment of the trial court summarily dismissing the petition for habeas corpus relief is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-3-